# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2879         4:17-cv-00404-KGB

_____

Frederick W. Hopkins, M.D., M.P.H.

*Plaintiff - Appellee*

v.

Larry Jegley, Prosecuting Attorney for Pulaski County; Steven L. Cathey, M.D., Chair of the Arkansas State Medical Board; Robert Breving, Jr., M.D. officer and member of the Arkansas State Medical Board, and successors in office, in his official capacity; Bob Cogburn, M.D., officer and member of the Arkansas State Medical Board, and successors in office, in his official capacity; William F. Dudding, M.D., officer and member of the Arkansas State Medical Board, and successors in office, in his official capacity; Omar Atiq, M.D.,officer and member of the Arkansas State Medical Board, and successors in office, in his official capacity; Veryl D. Hodges, D.O., officer and member of the Arkansas State Medical Board, and successors in office, in his official capacity; Marie Holder, officer and member of the Arkansas State Medical Board, and successors in office, in her official capacity; Larry D. Lovell, officer and member of the Arkansas State Medical Board, and successors in office, in his official capacity; William L. Rutledge, M.D., officer and member of the Arkansas State Medical Board, and successors in office, in his official capacity; John H. Scribner, M.D., officer and member of the Arkansas State Medical Board, and successors in office, in his official capacity; Sylvia D. Simon, M.D., officer and member of the Arkansas State Medical Board, and successors in office, in her official capacity; David L. Staggs, M.D., officer and member of the Arkansas State Medical Board, and successors in office, in his official capacity; John B. Weiss, M.D., officer and member of the Arkansas State Medical Board, and successors in office, in his official capacity

*Defendants - Appellants*

-----------------------------

Eagle Forum Education & Legal Defense Fund

*Amicus on Behalf of Appellant(s)*

National Association of Social Workers; Arkansas Abortion Support Network; Pennsylvania Coalition Against Rape; Margaret Drew; State of New York; State of California; State of Connecticut; State of Delaware; State of Hawaii; State of Illinois; State of Iowa; State of Maine; State of Maryland; State of Massachusetts; State of Oregon; State of Pennsylvania; State of Vermont; State of Virginia; State of Washington; District of Columbia; American College of Obstetricians and Gynecologists; Biomedical Ethicists; Constitutional Law Scholars

*Amici on Behalf of Appellee(s)*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: December 13, 2018
Resubmitted: July 9, 2020
Filed: August 7, 2020
[Published]
_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.
_____

PER CURIAM.

The Pulaski County Prosecuting Attorney and officers and members of the Arkansas State Medical Board appeal the district court's grant of a preliminary injunction preventing enforcement of four state laws that regulate abortion. The 91st Arkansas General Assembly of 2017 enacted the following: (1) the Arkansas Unborn

-2-

Child Protection from Dismemberment Abortion Act, Ark. Code Ann. §§ 20-16-1801 to 20-16-1807; (2) the Sex Discrimination by Abortion Prohibition Act, *id.* §§ 20-16-1901 to 20-16-1910; (3) an amendment concerning the disposition of fetal remains, *id.* §§ 20-17-801 to 20-17-802; and (4) an amendment concerning the maintenance of forensic samples from abortions performed on a child, *id.* § 12-18-108(a)(1).

On June 29, 2020, the Supreme Court issued its opinion in *June Medical Services L. L. C. v. Russo*, 140 S. Ct. 2103 (2020). In that case, the Court held unconstitutional a Louisiana law requiring doctors who perform abortions to have admitting privileges at a nearby hospital. Justice Breyer, writing for a plurality of the justices, concluded that "the extensive record [in the case] . . . support[ed] the District Court's findings of fact," which "mirror[ed] those made in *Whole Woman's Health*[1] in every relevant respect." *Id.* at 2113. As a result, the plurality held unconstitutional the Louisiana admitting-privileges law.

Chief Justice Roberts provided the critical fifth vote in favor of striking down the Louisiana admitting-privileges law. But he concurred in the judgment, not the plurality's reasoning. *Id.* at 2133 (Roberts, C.J., concurring in judgment). Chief Justice Roberts acknowledged that he had "joined the dissent in *Whole Woman's Health*" and expressed his continued belief "that the case was wrongly decided." *Id.* Nonetheless, Chief Justice Roberts agreed with the plurality that "Louisiana's law cannot stand under [the Court's] precedents." *Id.* at 2134. Under "[t]he legal doctrine of *stare decisis*," Chief Justice Roberts explained, "absent special circumstances, [the Court must] . . . treat like cases alike." *Id.* He concluded that because the Louisiana admitting-privileges law "impose[d] a burden on access to abortion just as severe as that imposed by the Texas law, for the same reasons," it is unconstitutional. *Id.*

---

[1]*Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292 (2016).

Relevant to the present case, Chief Justice Roberts discussed at length the undue burden standard articulated in *Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833 (1992) (plurality opinion), in which the Court held that a state cannot "impose an undue burden on the woman's ability to obtain an abortion." *Id.* at 2135. Chief Justice Roberts rejected the "observation" made in *Whole Woman's Health* and again by the plurality "that the undue burden standard requires courts to weigh the law's asserted benefits against the burdens it imposes on abortion access." *Id.* (internal quotation omitted). According to Chief Justice Roberts, "[r]ead in isolation from *Casey*, such an inquiry could invite a grand 'balancing test in which unweighted factors mysteriously are weighed'" and lead to arbitrary results. *Id.* (quoting *Marrs v. Motorola, Inc.*, 577 F.3d 783, 788 (7th Cir. 2009)). In the context of abortion,

> courts applying a balancing test would be asked in essence to weigh the State's interests in "protecting the potentiality of human life" and the health of the woman, on the one hand, against the woman's liberty interest in defining her "own concept of existence, of meaning, of the universe, and of the mystery of human life" on the other.

*Id.* at 2136 (quoting *Casey*, 505 U.S. at 851, 871). "Pretending that we could pull that off," Chief Justice Roberts observed, "would require us to act as legislators, not judges." *Id.*

Chief Justice Roberts also addressed the discretion courts must afford to legislatures. He pointed out that "[n]othing about *Casey* suggested that a weighing of costs and benefits of an abortion regulation was a *job for the courts*." *Id.* (emphasis added). Instead, he emphasized that, in the abortion context, "state and federal legislatures [have] *wide discretion* to pass legislation in areas where there is *medical and scientific uncertainty*." *Id.* (alteration in original) (emphases added) (quoting *Gonzales v. Carhart*, 550 U.S. 124, 163 (2007)).

Appellate Case: 17-2879   Page: 4   Date Filed: 08/07/2020 Entry ID: 4943128

According to Chief Justice Roberts, the appropriate inquiry under *Casey* is whether the law poses "a substantial obstacle" or "substantial burden, not whether benefits outweighed burdens." *Id.* at 2137. To the extent that *Casey* "discussed the benefits of the regulations," it did so "in considering the threshold requirement that the State have a 'legitimate purpose' and that the law be 'reasonably related to that goal.'" *Id.* at 2138 (quoting *Casey*, 505 U.S. at 878, 882). "So long as that showing is made," Chief Justice Roberts concluded, "the only question for a court is whether a law has the 'effect of placing a substantial obstacle in the path of a woman seeking an abortion of a nonviable fetus.'" *Id.* (quoting *Casey*, 505 U.S. at 877). Chief Justice Roberts "adhere[d] to the holding of *Casey*, requiring a substantial obstacle before striking down an abortion regulation." *Id.* at 2139. As a result, Chief Justice Roberts concluded that "[i]n this case, *Casey*'s requirement of finding a substantial obstacle before invalidating an abortion regulation is therefore a sufficient basis for [striking down the Louisiana admitting-privileges law], [just] as it was in *Whole Woman's Health*." *Id.* Nothing in *Casey* required "consideration of a regulation's benefits." *Id.*

Chief Justice Robert's vote was necessary in holding unconstitutional Louisiana's admitting-privileges law, so his separate opinion is controlling. *See Marks v. United States*, 430 U.S. 188, 193 (1977) (explaining that when "no single rationale explaining the result [of a case] enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds'" (quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976) (opinion of Stewart, Powell, and Stevens, JJ.))). In light of Chief Justice Roberts's separate opinion, "five Members of the Court reject[ed] the *Whole Woman's Health* cost-benefit standard." *June Med. Servs.*, 140 S. Ct. at 2182 (Kavanaugh, J., dissenting).

Here, the district court—without the benefit of Chief Justice Roberts's separate opinion in *June Medical*—applied the *Whole Woman's Health* cost-benefit standard to the challenged laws. *See Hopkins v. Jegley*, 267 F. Supp. 3d 1024, 1055 (E.D. Ark.

2017), *amended*, No. 4:17-CV-00404-KGB, 2017 WL 6946638 (E.D. Ark. Aug. 2, 2017) ("The undue burden analysis requires this Court to 'consider the burdens a law imposes on abortion access together with the benefits those laws confer.'" (quoting *Whole Woman's Health*, 136 S. Ct. at 2309)).[2] In addition, the district court relied on

---

[2]*See also id.* ("When applying the undue burden test, this Court must 'weigh[] the asserted benefits against the burdens.'" (alteration in original) (quoting *Whole Woman's Health*, 136 S. Ct. at 2310)); *id.* at 1055–56 ("The regulation will not be upheld unless the benefits it advances outweigh the burdens it imposes."); *id.* at 1056 ("Defendants also argue that the Court should not engage in a balancing test when conducting the undue burden analysis . . . . The Court rejects this argument."); *id.* at 1064 ("In *Whole Woman's Health*, the Supreme Court clarified that the undue burden analysis 'requires that courts consider[] the burdens a law imposes on abortion access together with the benefits those laws confer.'" (quoting *Whole Woman's Health*, 136 S. Ct. at 2309)); *id.* at 1064 ("Therefore, the Court concludes that the D & E Mandate does not 'confer[] benefits sufficient to justify the burden upon access that [it] imposes." (alterations in original) (quoting *Whole Woman's Health*, 136 S. Ct. at 2299); *id.* at 1070 ("In *Whole Woman's Health*, the Supreme Court clarified that this undue burden analysis 'requires that courts considers the burdens a law imposes on abortion access together with the benefits those laws confer.'" (quoting *Whole Woman's Health*, 136 S.Ct. at 2309)); *id.* at 1073 ("When certain records related to a specific medical issue are requested, unless the records are transmitted and received very quickly, any medical benefit of waiting for the records is outweighed by the fact that delaying abortion care increases the risks associated with the procedure for the patient." (internal citation omitted)); *id.* at 1077 ("When certain records related to a specific medical issue are requested, unless the records are transmitted and received very quickly, any medical benefit of waiting for the records is outweighed by the fact that delaying abortion care increases the risks associated with the procedure for the patient."); *id.* at 1079 ("The burdens of the [Medical Records] Mandate will substantially outweigh its benefits, based on the record before this Court for the reasons explained."); *id.* at 1092 ("[T]he *Whole Woman's Health* Court said . . . 'the virtual absence of any health benefit' from the challenged hospital affiliation requirement was a factor to be weighed in making an undue burden ruling. Balancing is therefore required." (internal citation omitted) (quoting *Whole Woman's Health*, 136 S. Ct. at 2313)); *id.* at 1098 ("In *Whole Woman's Health*, the Supreme Court

-6-

*Whole Woman's Health*'s "holding that the 'statement that legislatures, and not courts, must resolve questions of medical uncertainty is . . . inconsistent with this Court's case law.'" *Id.* at 1058 (alteration in original) (quoting *Whole Woman's Health*, 136 S. Ct. at 2310). Chief Justice Roberts, however, emphasized the "wide discretion" that courts must afford to legislatures in areas of medical uncertainty. *June Med. Servs.*, 140 S. Ct. at 2136 (Roberts, C.J., concurring in judgment) (quoting *Gonzales*, 550 U.S. at 163).

As a result, we vacate the district court's preliminary injunction and remand for reconsideration in light of Chief Justice Roberts's separate opinion in *June Medical*, which is controlling, as well as the Supreme Court's decision in *Box v. Planned Parenthood of Ind. & Ky., Inc.*, 139 S. Ct. 1780 (2019) (per curiam).

———————————————

---

clarified that this undue burden analysis 'requires that courts considers the burdens a law imposes on abortion access together with the benefits those laws confer.'" (quoting *Whole Woman's Health*, 136 S. Ct. at 2309)).

# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

August 07, 2020

Mr. Nicholas Jacob Bronni
ATTORNEY GENERAL'S OFFICE
200 Catlett-Prien Building
323 Center Street
Little Rock, AR  72201-0000

RE:  17-2879  Frederick Hopkins v. Larry Jegley, et al

Dear Counsel:

The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc must be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

Michael E. Gans
Clerk of Court

MDS

Enclosure(s)

cc:  Mr. Nathaniel Asher
     Honorable Xavier Becerra
     Ms. Bettina E. Brownstein
     Mr. Michael A. Cantrell
     Mr. Matthew P. Denn
     Honorable Thomas J. Donovan Jr.
     Honorable Robert W. Ferguson
     Mr. Lauren Fischer
     Honorable Brian E. Frosh
     Mr. Caitlin Joan Halligan

Ms. Ruth E. Harlow
Ms. Maura Healey
Mr. Mark R. Herring
Ms. Lisa Hill Fenning
Ms. Alice Huling
Mr. George Jepsen
Mr. Lawrence J. Joseph
Ms. Janice M. Mac Avoy
Honorable Lisa Madigan
Mr. Cecile Manong
Mr. Jim McCormack
Ms. Jennifer L. Merritt
Ms. Samantha Emily Miller
Mr. Thomas J. Miller
Honorable Janet T. Mills
Ms. Ester Murdukhayeva
Ms. Nancy Leeds Perkins
Honorable Karl A. Racine
Mr. Paul Rodney
Ms. Ellen F. Rosenblum
Mr. Stuart M. Sarnoff
Ms. Hillary A. Schneller
Honorable Josh Shapiro
Mr. Russell A. Suzuki
Ms. Elizabeth K. Watson
Ms. Kira Michaux Whitacre
Mr. Kent A Yalowitz

    District Court/Agency Case Number(s):   4:17-cv-00404-KGB

# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

August 07, 2020

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

    RE: 17-2879  Frederick Hopkins v. Larry Jegley, et al

Dear Sirs:

    A published opinion was filed today in the above case.

    Counsel who presented argument on behalf of the appellant was Nicholas Jacob Bronni, AAG, of Little Rock, AR. The following attorney appeared on the appellant brief;  Michael A. Cantrell, AAG, of Little Rock, AR.

    Counsel who presented argument on behalf of the appellee was Susan Talcott Camp, of New York, NY. The following attorney(s) appeared on the appellee brief;  Bettina E. Brownstein, of Little Rock, AR.,  Ruth E. Harlow, of New York, NY.,  Elizabeth K. Watson, of New York, NY.,  Hillary A. Schneller, of New York, NY.

    The following attorney appeared on the amicus brief of Eagle Forum Education & Legal Defense Fund was Lawrence J. Joseph, of Washington, DC.

    The following attorneys appeared on the amicus brief of the American College of Obstetricians and Gynecologists;  Janice M. Mac Avoy, of New York, NY.,  Andrew Buckley Cashmore, of New York, NY.,  Kira M. Whitacre, of New York, NY.

    The following attorneys appeared on the amicus brief of Constitutional Law Scholars;  Nicole A. Saharsky, of Washington, DC.,  Caitlin Joan Halligan, of New York, NY.,  Kirsten Galler, of Los Angeles, CA.,  Lauren Fischer, of Los Angeles, CA.,  Cory Batza, of Los Angeles, CA.

    The following attorneys appeared on the amicus brief of Biomedical Ethicists;  Stuart M. Sarnoff, of New York, NY.,  Samantha Emily Miller, of New York, NY.,  Marjorie B. Truwit, of New York, NY.,  Nathaniel Asher, of New York, NY.

    The following attorney appeared on the amicus brief of the States of New York, California, Connecticut, Delaware, Hawaii, Illinois, Iowa, Maine, Maryland, Massachusetts,

Oregon, Pennsylvania, Vermont, Virginal, Washington, and the District of Columbia; Ester Murdukhayeva, ASG, of New York, NY.

    The following attorneys appeared on the amicus brief of the National Association of Social Workers, Arkansas Abortion Support Network, Pennsylvania Coalition Agasint Rape, and Professor Margaret Drew; Lisa Hill Fenning, of Washington, DC., Paul Rodney, of Washington, DC., Alice Huling, of Washington, DC., Cecile Manong, of Washington, DC., Nancy Leeds Perkins, of Washington, DC., Kent A Yalowitz, of New York, NY.,

    The judge who heard the case in the district court was Honorable Kristine G. Baker. The judgment of the district court was entered on July 28, 2017.

    If you have any questions concerning this case, please call this office.

                                           Michael E. Gans
                                           Clerk of Court

MDS

Enclosure(s)

cc:  MO Lawyers Weekly

    District Court/Agency Case Number(s):  4:17-cv-00404-KGB

# Abigail Temple

| | |
|---|---|
| **From:** | ca08ml_cmecf_Notify@ca8.uscourts.gov |
| **Sent:** | Friday, August 7, 2020 10:49 AM |
| **Subject:** | 17-2879 Frederick Hopkins v. Larry Jegley, et al "per curiam opinion filed" (4:17-cv-00404-KGB) |

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

**Eighth Circuit Court of Appeals**

**Notice of Docket Activity**

The following transaction was filed on 08/07/2020

  **Case Name:**    Frederick Hopkins v. Larry Jegley, et al
  **Case Number:**  17-2879
  **Document(s):**  Document(s)


**Docket Text:**
PER CURIAM OPINION FILED - THE COURT: Lavenski R. Smith, Roger L. Wollman and L. Steven Grasz (PUBLISHED) [4943128] [17-2879] (Michael Shay)

**Notice will be electronically mailed to:**

Mr. Nathaniel Asher: nasher@omm.com, nate-asher-4786@ecf.pacerpro.com
Mr. Nicholas Jacob Bronni: nicholas.bronni@arkansasag.gov
Ms. Bettina E. Brownstein: bettinabrownstein@gmail.com
Mr. Michael A. Cantrell, Assistant Solicitor General: Michael.Cantrell@ArkansasAG.gov, cheryl.hall@arkansasag.gov
Mr. Matthew P. Denn: maria.knoll@Delaware.gov
Mr. Lauren Fischer: LFischer@gibsondunn.com
Mr. Caitlin Joan Halligan: challigan@selendygay.com, paralegals@selendygay.com, edockets@selendygay.com, caitlin-halligan-8309@ecf.pacerpro.com, mco@selendygay.com
Ms. Ruth E. Harlow: rharlow@aclu.org
Mr. Lawrence J. Joseph: ljoseph@larryjoseph.com
Ms. Janice M. Mac Avoy: janice.macavoy@friedfrank.com, managingattorneysdepartment@friedfrank.com
Mr. Jim McCormack, Clerk of Court: ared_appeals@ared.uscourts.gov
Ms. Jennifer L. Merritt: Jennifer.Merritt@ArkansasAG.gov, toni.hamp@arkansasag.gov, agcivil@arkansasag.gov
Ms. Samantha Emily Miller: samanthamiller@omm.com, samantha-miller-8645@ecf.pacerpro.com
Mr. Thomas J. Miller, Attorney General: agtommiller@ag.state.ia.us
Ms. Ester Murdukhayeva, Assistant Solicitor General: ester.murdukhayeva@ag.ny.gov
Ms. Nancy Leeds Perkins: nancy.perkins@aporter.com
Mr. Stuart M. Sarnoff: ssarnoff@omm.com, nasher@omm.com, samanthamiller@omm.com, stuart-sarnoff-1059@ecf.pacerpro.com
Ms. Hillary A. Schneller: hschneller@reprorights.org, cscott@reprorights.org

Mr. Russell A. Suzuki: hawaiiag@hawaii.gov
Ms. Elizabeth K. Watson: ewatson@aclu.org
Mr. Kent A Yalowitz: kent.yalowitz@arnoldporter.com, ecf-f074fe3fdfaf@ecf.pacerpro.com
MO Lawyers Weekly: michaelh@mesjassociates.com, clash@molawyersmedia.com
West Publishing: us08@westdcs.west.thomson.com

**Notice will be mailed to:**

Honorable Xavier Becerra
ATTORNEY GENERAL'S OFFICE
455 Golden Gate Avenue
San Francisco, CA 94102-0000

Honorable Thomas J. Donovan, Jr.
ATTORNEY GENERAL'S OFFICE
109 State Street
Montpelier, VT 05609-0000

Honorable Robert W. Ferguson
ATTORNEY GENERAL'S OFFICE
1125 Washington Street, S.E.
Olympia, WA 98504-0100

Honorable Brian E. Frosh
ATTORNEY GENERAL'S OFFICE
200 St. Paul Place
Baltimore, MD 21202-0000

Ms. Maura Healey
ATTORNEY GENERAL'S OFFICE
1 Ashburton Place
Boston, MA 02108-0000

Mr. Mark R. Herring
ATTORNEY GENERAL'S OFFICE
202 N. Ninth Street
Richmond, VA 23219

Ms. Lisa Hill Fenning
ARNOLD & PORTER
601 Massachusetts Avenue, N.W.
Washington, DC 20001

Ms. Alice Huling
ARNOLD & PORTER
601 Massachusetts Avenue, N.W.
Washington, DC 20001

Mr. George Jepsen
ATTORNEY GENERAL'S OFFICE
55 Elm Street

P.O. Box 120
Hartford, CT 06141-0120

Honorable Lisa Madigan, Attorney General
ATTORNEY GENERAL'S OFFICE
100 W. Randolph Street
Chicago, IL 60601-0000

Mr. Cecile Manong
ARNOLD & PORTER
601 Massachusetts Avenue, N.W.
Washington, DC 20001

Honorable Janet T. Mills
ATTORNEY GENERAL'S OFFICE
6 State House Station
Augusta, ME 04333

Honorable Karl A. Racine
ATTORNEY GENERAL'S OFFICE
6th Floor
441 Fourth Street, N.W.
Washington, DC 20001

Mr. Paul Rodney
ARNOLD & PORTER
601 Massachusetts Avenue, N.W.
Washington, DC 20001

Ms. Ellen F. Rosenblum
ATTORNEY GENERAL'S OFFICE
100 Justice Building
Salem, OR 97310-0000

Honorable Josh Shapiro
ATTORNEY GENERAL'S OFFICE
15th Floor, Strawberry Square
Harrisburg, PA 17120-0000

Ms. Kira Michaux Whitacre
FRIED & FRANK
1 New York Plaza
New York, NY 10004-1980

The following document(s) are associated with this transaction:
**Document Description:** Opinion filed
**Original Filename:** 172879P.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=08/07/2020] [FileNumber=4943128-0]
[a45feef160ba2ea70594915055af5ab99a1d5f5e7d03d9dbbec841e4a96214b97587b38f141f6787a915f7c2282fb74fdde0c40fe8ebc4dbbcc409cb641d400d]]

**Document Description:** Counsel Opinion Letter
**Original Filename:** /opt/ACECF/live/forms/MichaelShay_172879_4943128_CounselOpinionLetters_285.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=08/07/2020] [FileNumber=4943128-1]
[8a2ffe69db212cb63e5810557ccce66644702dbd3cf6dccdc3cc5ef2bc56caad68e2b3b912ab251e02e56ecae016994db5e90d01f530dcd05afb3769732984e6]]
**Recipients:**

- Mr. Nathaniel Asher
- Honorable Xavier Becerra
- Mr. Nicholas Jacob Bronni
- Ms. Bettina E. Brownstein
- Mr. Michael A. Cantrell, Assistant Solicitor General
- Mr. Matthew P. Denn
- Honorable Thomas J. Donovan, Jr.
- Honorable Robert W. Ferguson
- Mr. Lauren Fischer
- Honorable Brian E. Frosh
- Mr. Caitlin Joan Halligan
- Ms. Ruth E. Harlow
- Ms. Maura Healey
- Mr. Mark R. Herring
- Ms. Lisa Hill Fenning
- Ms. Alice Huling
- Mr. George Jepsen
- Mr. Lawrence J. Joseph
- Ms. Janice M. Mac Avoy
- Honorable Lisa Madigan, Attorney General
- Mr. Cecile Manong
- Mr. Jim McCormack, Clerk of Court
- Ms. Jennifer L. Merritt
- Ms. Samantha Emily Miller
- Mr. Thomas J. Miller, Attorney General
- Honorable Janet T. Mills
- Ms. Ester Murdukhayeva, Assistant Solicitor General
- Ms. Nancy Leeds Perkins
- Honorable Karl A. Racine
- Mr. Paul Rodney
- Ms. Ellen F. Rosenblum
- Mr. Stuart M. Sarnoff
- Ms. Hillary A. Schneller
- Honorable Josh Shapiro
- Mr. Russell A. Suzuki
- Ms. Elizabeth K. Watson
- Ms. Kira Michaux Whitacre
- Mr. Kent A Yalowitz

**Document Description:** Letter To Publishing
**Original Filename:** /opt/ACECF/live/forms/MichaelShay_172879_4943128_LettersToPublishing_284.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=08/07/2020] [FileNumber=4943128-2]
[a9e1d2abc4b8d31f616197da0bcfd0134dfb8f53416e40d4105ea3c8479f44c9b864111458e8d8ac7d25d9caa160247765f

2ec77dddc033aba427a8b0abd8000]]
**Recipients:**

- MO Lawyers Weekly
- West Publishing

The following information is for the use of court personnel:

**DOCKET ENTRY ID:** 4943128
**RELIEF(S) DOCKETED:**
  for publication
**DOCKET PART(S) ADDED:** 6588168, 6588169, 6588170