IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FREDERICK W. HOPKINS, M.D., M.P.H                                    PLAINTIFF

v.                              Case No. 4:17-cv-00404-KGB

LARRY JEGLEY, Prosecuting Attorney for
Pulaski County, *et al.*                                             DEFENDANTS

## ORDER

Before the Court is plaintiff Frederick W. Hopkins, M.D., M.P.H., and proposed plaintiff
Little Rock Family Planning Services' ("LRFP") ("Proposed Plaintiffs") motion for expedited
leave to file a first amended complaint (Dkt. No. 65). Proposed Plaintiffs filed their motion on
December 18, 2020, and the Court ordered an expedited response (Dkt. Nos. 65, 67). Defendants
Larry Jegley, Prosecuting Attorney for Pulaski County; Steven L. Cathey, M.D., Chair of the
Arkansas State Medical Board; and Robert Breving, Jr., M.D.; Bob Cogburn, M.D.; William F.
Dudding, M.D.; Omar T. Atiq, M.D.; Veryl D. Hodges, D.O.; Marie Holder, Larry D. Lovell;
William L. Rutledge, M.D.; John H. Scribner, M.D.; Sylvia D. Simon, M.D.; David L. Staggs,
M.D.; and John B. Weiss, M.D., as officers and members of the Arkansas State Medical Board in
their official capacities ("Defendants") have responded in opposition to the motion (Dkt. No. 72).
For the reasons set forth below, the Court grants the motion (Dkt. No. 65).

### I.    Background

Dr. Hopkins filed this suit in 2017 pursuant to 42 U.S.C. § 1983 challenging the
constitutionality of four acts of the 91st Arkansas General Assembly of 2017 that regulate abortion.
The complaint challenges: Act 45 (Ark. Code Ann. §§ 20-16-1801 to 1807) ("D&E Mandate"),
Act 733 (Ark. Code Ann. §§ 20-16-1901 to 1910) ("Medical Records Mandate"), Act 1018 (Ark.

Code Ann. § 20-16-108(a)(1)) ("Local Disclosure Mandate"), and Act 603 (Ark. Code Ann. §§ 20-17-801 to 802) ("Tissue Disposal Mandate").

In the operative complaint, Dr. Hopkins raises 12 claims for which he seeks both declaratory and injunctive relief (Dkt. No. 1). In Counts I and II, Dr. Hopkins alleges the D&E Mandate violates due process by imposing an undue burden on his patients' rights to liberty and privacy and by violating his patients' rights to bodily integrity. In Counts III through V, Dr. Hopkins alleges the Medical Records Mandate violates due process by imposing an undue burden on his patients' rights to liberty and privacy, by imposing unconstitutionally vague requirements, and by invading his patients' right to informational privacy. In Counts VI through IX, Dr. Hopkins alleges the Local Disclosure Mandate violates due process by imposing an undue burden on his patients' rights to liberty and privacy, by violating his patients' rights to bodily integrity and informational privacy, and by imposing unconstitutionally vague requirements. In Counts X through XII, Dr. Hopkins alleges the Tissue Disposal Mandate violates due process by imposing an undue burden on his patients' rights to liberty and privacy, by imposing unconstitutionally vague requirements, and by violating his patients' rights to bodily integrity (Dkt. No. 1, ¶¶ 127-150). Defendants moved to dismiss the complaint and responded to the motion for preliminary injunction and motion for temporary restraining order (Dkt. Nos. 21, 23).

On July 28, 2017, the Court granted Dr. Hopkins's motion for preliminary injunction and enjoined Defendants from enforcing the requirements of the challenged statutes (Dkt. No. 35). Defendants appealed (Dkt. No. 38). A panel of the Eighth Circuit Court of Appeals heard oral argument in December 2018. In 2019, the Court requested that the parties file supplemental briefing on the effect of the case, if any, of the United States Supreme Court's ruling in *Box v. Planned Parenthood of Indiana & Kentucky, Inc.*, 139 S. Ct. 1780 (2019). The panel later *sua*

*sponte* held the appeal in abeyance pending the Supreme Court's decision in *June Medical Services L.L.C. v. Russo*, 140 S. Ct. 2103 (2020).   On August 7, 2020, the Eighth Circuit vacated the preliminary injunction and remanded the case to this Court to consider the Arkansas statutes in the light of intervening decisions by the United States Supreme Court in *June Medical* and *Box*. *Hopkins v. Jegley*, 968 F.3d 912, 914-15 (8th Cir. 2020).   Dr. Hopkins petitioned for rehearing by the panel and rehearing *en banc*.   The Eighth Circuit denied the petition on December 15, 2020, more than three years after this Court granted Dr. Hopkins's motion for preliminary injunction (Dkt. No. 52).

In anticipation of further litigation in this Court, Proposed Plaintiffs filed a motion pursuant to Federal Rule of Civil Procedure 15(a) seeking leave to file a first amended complaint and supporting brief (Dkt. Nos. 65, 66).   Proposed Plaintiffs assert the first amended complaint contains "three core differences" from the operative complaint (Dkt. No. 66, at 6).   The first amended complaint:  (1) adds LRFP as a plaintiff; (2) adds as Defendants in their official capacities the secretary of the Arkansas Department of Health ("ADH") and the members of the Arkansas Board of Health (the "Board of Health"), which oversees LRFP;[1] and (3) updates certain details to reflect the current facts and circumstances relating to abortion care in Arkansas (Dkt. No. 66, at 2, 6).

## II.   Analysis

### A.   Motion To Amend

Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend a pleading once as a matter of course within 21 days after serving it or within 21 days after service of the responsive

---

[1]  The first amended complaint also replaces certain defendants sued in their official capacities with their respective successors in office.  The successors became defendants in this case when they took office.  *See* Fed. R. Civ. P. 25(d).

3

pleading or a motion under Rule 12(b), (e), or (f).  After the 21-day period expires, "a party may amend its pleadings only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  The Court should give leave freely when justice so requires, but "plaintiffs do not have an absolute or automatic right to amend."  *Sorace v. United States*, 788 F.3d 758, 767 (8th Cir. 2015) (quoting *Fairview Health Sys.,* 413 F.3d at 749 (citing *Meehan v. United Consumers Club Franchising Corp.,* 312 F.3d 909, 913 (8th Cir. 2002)).

"[D]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated."  *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (quoting *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "A district court's denial of leave to amend a complaint may be justified if the amendment would be futile."  *Geier v. Missouri Ethics Comm'n*, 715 F.3d 674, 678 (8th Cir. 2013).

Proposed Plaintiffs argue that the proposed first amended complaint is updated to reflect the current state of abortion care in Arkansas but relies on the same facts or facts similar to those Dr. Hopkins has already presented to the Court.  In the first amended complaint, the Proposed Plaintiffs continue to allege the four challenged Arkansas statutes violate the constitutional rights of their patients, they bring the same 12 counts alleged in the operative complaint, and they seek the same relief as the relief sought in the operative complaint (Dkt. No. 65-1, at 30-35).

Proposed Plaintiffs assert that, if the challenged Arkansas statutes are enforced, "LRFP will be forced to cease all abortion care or risk severe penalties." (*Id.*).  They contend that, because they serve the same patients and face similar risks should the challenged statutes take effect, permitting LRFP to join the litigation as a co-plaintiff would "ensure completeness," would allow

4

them to "bring a full set of available claims in the same action based on the most up-to-date information relevant to those claims, would prevent unnecessary duplication and [would] conserve judicial resources." (Dkt. No. 66, at 7).

Defendants argue that the "Eighth Circuit authorized this Court only to apply *June Medical* and *Box* to the existing preliminary-injunction record and not to conduct any other proceedings." (Dkt. No. 72 at 3). Defendants contend that the "limited mandate does not authorize this Court to reopen the 2017 preliminary-injunction record," and should not allow "Hopkins to introduce new evidence or seek any new relief – let alone allow him leave to amend, which would dramatically change his complaint to fill obvious standing and evidentiary gaps." (*Id.*). Although defendants take this position in their filings, defendants represented at a hearing on the motion that the Court retained jurisdiction throughout the pendency of the appeal at the Eighth Circuit to permit such an amendment.

Defendants point to *MidAmerican Energy Company*, to support their position that permitting an amended complaint would fall outside the Eighth Circuit's narrow mandate (Dkt. No. 72, at 5). 286 F.3d 483 (8th Cir. 2002). *In re MidAmerican Energy* involved a contract dispute in which the plaintiff claimed that certain payments that the defendant had been making were in fact required under the contract and the defendant counterclaimed to recover its prior payments. In the first appeal from the district court's entry of summary judgment on a claim seeking a declaratory judgment regarding the contract, the Eighth Circuit ruled that the agreement did not obligate the defendant to make such payments, but the court left unresolved the defendant's counterclaims regarding whether it could recover the payments it already had made. *Id.* at 485. On remand, the plaintiff sought leave to file a second amended complaint adding claims cast in terms of contract modification, quantum meruit/unjust enrichment, promissory estoppel, and contract

reformation.  The Eighth Circuit found that the claims raised in the second amended complaint simply recast the plaintiff's previous allegations based on contract and thus "all devolve into exactly the same claim that was before."  *Id.* at 487.  Because the Eighth Circuit had ruled in the first appeal that the defendant "had no obligation under contract or any other separate agreement, equitable or otherwise, to make" certain payments, the plaintiff was now "foreclosed from amending its complaint to include new theories of recovery on these issues." *Id.* at 487.

This case is distinguishable on its facts from *In re Midamerican Energy Company*.  Here, this Court never entered summary judgment; it entered a preliminary injunction.  Dr. Hopkins does not seek leave to amend to add new claims or new forms of relief that were foreclosed by the Eighth Circuit's order.  The Eighth Circuit did not foreclose relief on any of Dr. Hopkins's claims but remanded for this Court to consider the claims in the light of recent rulings of the United States Supreme Court.

The Court finds that adding LRFP, with whom Dr. Hopkins is associated and shares patients, will not cause undue delay or prejudice Defendants and will avoid multiple lawsuits involving the same operative facts and claims.  Further, because LRFP is overseen by the ADH and Board of Health, it is necessary to add the secretary of the ADH and members of the Board of Health as defendants in their official capacity.  *See* Ark. Code Ann. § 20-9-302(a).  Adding these defendants will not cause an undue burden because the facts applicable to the current Defendants also apply to the new defendants.  Further, these same government attorneys have represented ADH defendants in prior cases in recent months addressing abortion regulations.  Finally, the Court finds that, due to the fact that the appeal was pending at the Eighth Circuit for more than three years and the passage of time since Dr. Hopkins initiated this lawsuit, Proposed Plaintiffs

should be allowed to update their already-pleaded facts to account for the current landscape of abortion care in Arkansas.

### B.      Motion To Dismiss

Pending before the Court is Defendants' motion to dismiss the operative complaint (Dkt. No. 21).  As a practical matter, the Court addressed, and rejected, Defendants' arguments in support of dismissal in the Court's preliminary injunction order (Dkt. No. 33, at 22-30).  At this stage, because the Court grants Proposed Plaintiffs' motion to file a first amended complaint, the Court denies as moot Defendants' motion to dismiss the operative complaint (Dkt. No. 21).

### III.    Conclusion

For good cause shown, the Court grants Proposed Plaintiffs' motion for expedited leave to file a first amended complaint (Dkt. No. 65).  The Court directs Proposed Plaintiffs to file their amended complaint by 5:00 p.m. on the date of this Order.  The Court denies as moot Defendants' motion to dismiss (Dkt. No. 21).

So ordered this 22nd day of December, 2020.

Kristine G. Baker
United States District Judge