IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FREDERICK W. HOPKINS, M.D., M.P.H,** *et al.*                                   **PLAINTIFFS**

**v.**                          **Case No. 4:17-cv-00404-KGB**

**LARRY JEGLEY, Prosecuting Attorney for**
**Pulaski County,** *et al.*                                                            **DEFENDANTS**

### ORDER

Before the Court is defendants' motion to stay preliminary injunction pending appeal and for a temporary administrative stay (Dkt. No. 99). Plaintiffs have responded in opposition to the motion (Dkt. No. 109). For the following reasons, the Court denies both the motion to stay preliminary injunction pending appeal and the motion for a temporary administrative stay.

**I.      Procedural Background**

Initially, Dr. Hopkins filed this suit on June 20, 2017, pursuant to 42 U.S.C. § 1983. On December 22, 2020, Dr. Hopkins amended his complaint, and Little Rock Family Planning Services, Inc. ("LRFP"), joined Dr. Hopkins as a plaintiff in filing suit against defendants Larry Jegley, Prosecuting Attorney for Pulaski County; Sylvia D. Simon, M.D., Chair of the Arkansas State Medical Board; Robert Breving, Jr., M.D.; Elizabeth Anderson; Rhys L. Branman, M.D.; Edward Gardner, M.D.; Veryl D. Hodges, D.O.; Rodney Griffin, M.D.; Betty Guhman; William L. Rutledge, M.D.; John H. Scribner, M.D.; Brian T. Hyatt, M.D.; Timothy C. Paden, M.D.; Don R. Phillips, M.D.; David L. Staggs, M.D., as officers and members of the Arkansas State Medical Board; Jose Romero, M.D., the Secretary of the Arkansas Department of Health; Phillip Gilmore, Ph.D.; Perry Amerine, O.D.; Marsha Boss, P.D.; Lane Crider, P.E.; Brad Erney, D.M.D.; Melissa Faulkenberry, D.C.; Anthony N. Hui, M.D.; Balan Nair, M.D.; Greg Bledsoe, M.D.; Stephanie Barnes Beerman; Glen Bryant, M.D.; Dwayne Daniels, M.D.; Vanessa Falwell, A.R.P.N.; Darren

Flamik, M.D.; Thomas Jones, R.S.; David Kiessling, D.P.M.; Carl Riddell, M.D.; Clay Waliski; Terry Yamauchi, M.D.; Donald Ragland; Catherine Tapp, M.P.H.;. Susan Weinstein, D.V.M; James Zini, D.O., officers and members of the Arkansas Department of Health, and their successors in office, in their official capacities (Dkt. No. 82).

In this suit, Dr. Hopkins and LRFP mount a constitutional challenge to four acts of the 91st Arkansas General Assembly of 2017, Act 45 (H.B. 1032), codified at Ark. Code Ann. §§ 20-16-1801 to 1807 ("D&E Mandate"); Act 733 (H.B. 1434), codified at Ark. Code Ann. §§ 20-16-1901 to 1910 ("Medical Records Mandate"); Act 1018 (H.B. 2024), codified at Ark. Code Ann. § 20-16-108(a)(1) ("Local Disclosure Mandate"); and Act 603 (H.B. 1566), codified at Ark. Code Ann. §§ 20-17-801 to 802 ("Tissue Disposal Mandate") (collectively "the Mandates"). By its terms, H.B. 1434 was to take effect January 1, 2018. The remaining three laws, H.B. 1032, H.B. 2024, and H.B. 1566, were to take effect on or about July 30, 2017.

The Court previously enjoined enforcement of these statutes in a preliminary injunction entered on July 28, 2017 (Dkt. Nos. 35, 36). On August 25, 2017, a notice of appeal of this Court's preliminary injunction was filed (Dkt. No. 38). Neither party asked this Court or the United States Court of Appeals for the Eighth Circuit for a stay while the appeal was pending (Dkt. No. 91). After three years, and based on intervening decisions issued by the United States Supreme Court, the Eighth Circuit vacated this Court's preliminary injunction order and remanded "for reconsideration in light of Chief Justice Roberts's separate opinion in *June Medical*, which is controlling, as well as the Supreme Court's decision in *Box v. Planned Parenthood of Ind. & Ky., Inc.*, 139 S. Ct. 1780 (2019) (per curiam)." (Dkt. No. 49, at 7).[1]

---

[1] *"June Medical"* in the Eighth Circuit opinion is referring to *June Medical Services. v. Russo*, 140 S. Ct. 2013, 2020 WL 3492640 (2020)(plurality opinion).

Prior to the Eighth Circuit's mandate issuing, Dr. Hopkins and LRFP moved for a second preliminary injunction and/or a temporary restraining order (Dkt. No. 73). Defendants moved to strike the second preliminary injunction motion (Dkt. No. 75).

Plaintiffs also moved for an *ex parte* temporary restraining order based on the same findings and this Court's legal conclusions granting the 2017 preliminary injunction (Dkt. No. 69, at 3). Defendants responded in opposition (Dkt. No. 78). The Court conducted a hearing (Dkt. No. 91). The Court granted Dr. Hopkins and LRFP's motion for temporary restraining order and temporarily enjoined the enforcement of the Mandates to preserve the *status quo* until the merits of Dr. Hopkins and LRFP's pending motions, and defendants' pending motion to strike, could be determined (Dkt. No. 83).

Defendants responded in opposition to the motion for a second preliminary injunction and/or a temporary restraining order (Dkt. No. 92). Plaintiffs replied (Dkt. No. 93). The Court conducted a hearing (Dkt. No. 94). The Court denied defendants' motion to strike and granted a second preliminary injunction (Dkt. No. 97). The Court preliminarily enjoined defendants, and all those acting in concert with them, from enforcing the requirements of the D&E Mandate as applied to Dr. Hopkins and LRFP (H.B. 1032), the Medical Records Mandate (H.B. 1434), the Local Disclosure Mandate as applied to Non-CMA Teenage Patients (H.B. 2024), and the Tissue Disposal Mandate (H.B. 1566) until further order from this Court (*Id.*).

On January 7, 2021, defendants filed a notice of appeal as to the preliminary injunction (Dkt. No. 98). On the same day, defendants also filed a motion to stay preliminary injunction pending appeal, for a temporary administrative stay, and to shorten plaintiffs' time to respond (Dkt. No. 99). The Court shortened the time for plaintiffs to respond (Dkt. No. 103). Plaintiffs responded (Dkt. No. 109). For the following reasons, the Court denies defendants' motion to stay

3

preliminary injunction pending appeal and motion for a temporary administrative stay (Dkt. No. 99).

## II. Discussion

Defendants move for a stay of this Court's Order granting plaintiffs' second motion for preliminary injunction pending appeal under Federal Rule of Civil Procedure 62(c) and Federal Rule of Appellate Procedure 8(a)(1) (Dkt. No. 99, at 1). Defendants also request a temporary administrative stay of the preliminary injunction "pending this Court's consideration of a full stay pending appeal, and pending resolution of a subsequent Eighth Circuit stay motion, if Defendants file any such motion." (*Id*.). Among other things, defendants argue that "[t]hese laws should have taken effect years ago," and due to the prior preliminary injunction and the December 2020 temporary restraining order, "[t]his state of affairs has allowed Plaintiffs, as a practical matter, to obtain final relief through preliminary proceedings." (Dkt. No. 100, at 1). Plaintiffs counter, in part, that they are likely to succeed on the merits of their claims, defendants will not be harmed by the preliminary injunction, plaintiffs will suffer irreparable harm if the challenged Mandates take effect, and the public interest favors denying the stay (Dkt. No. 109, at 1).

Federal Rule of Civil Procedure 62(d) provides that, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). The Court must consider four factors to determine whether defendants have made a sufficient showing for this Court to grant a stay of the preliminary injunction pending appeal. These factors are: (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether granting the stay would substantially harm the other

parties, and (4) whether granting the stay would serve the public interest.[2]  *Org. for Black Struggle v. Ashcroft*, 978 F.3d 603, 607 (8th Cir. 2020) (citing *Brakebill v. Jaeger*, 905 F.3d 553, 557 (8th Cir. 2018) (citing *Hilton v. Braunskill*, 481 U.S. 770 (1987)).

The Eighth Circuit has emphasized a balancing of equities approach to determine whether to grant a stay pending appeal.  *See Walker v. Lockhart*, 678 F.2d 68, 70-71 (8th Cir. 1982) (the court maintains a flexible approach when applying the factors and balancing the equities between the parties, and the court "need not engage in detailed analysis of [movant's] probability of success on the merits"); *see also Brady v. Nat'l Football League*, 640 F.3d 785, 793 (8th Cir. 2011); *Arkansas Peace Ctr. v. Arkansas Dep't of Pollution Control*, 992 F.2d 145, 147 (8th Cir. 1993).

Because defendants filed a notice of appeal of this Court's preliminary injunction (Dkt. No. 98), the Court first addresses the limit of its jurisdiction with respect to that Order before considering the merits of defendants' motion.  *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").  The Eighth Circuit has created a limited exception to the general rule of divestiture of district court jurisdiction so that the district court may modify an injunction pending appeal "in the kinds of cases where the court supervises a continuing course of conduct and where as new facts develop additional supervisory action by the court is required . . . ."  *Bd. of Educ. of St. Louis v. State of Mo.*, 936 F.2d 993, 996 (8th Cir. 1991) (quoting *Hoffmann v. Beer Drivers & Salesmen's Local Union No. 888*, 536 F.2d 1268, 1276 (9th Cir.

---

[2] As the parties recognize, the Eighth Circuit has not clearly articulated what standard applies to motions for administrative stays, but it has, at times, applied the same standard that applies to motions to stay pending appeal (Dkt. No. 100, at 14; 109, at 2).  Accordingly, the Court will evaluate both of defendants' requests for stay under the same standard.

5

1976)). "The rule codifies the long-established and narrowly limited right of the trial court to make orders appropriate to preserve the status quo while the case is pending in an appellate court, but does not restore the jurisdiction to the district court to adjudicate anew the merits of the case after either party has invoked its right to appeal and jurisdiction has passed to an appellate court." *GP Indus., LLC v. Bachman*, 514 F. Supp. 2d 1156, 1170 (D. Neb. 2007).

Here, the relief defendants appear to seek is reconsideration on the merits of the Court's preliminary injunction. Complete reconsideration of the Court's preliminary injunction is unavailable under Rule 62(d). Prior to filing their notice of appeal, defendants did not file a motion for reconsideration under Rule 54 or a motion to modify the preliminary injunction under Rule 65.

Regardless, the Court denies defendants' motion under Rule 62 and the four-factor test for the reasons stated in the Court's Order granting plaintiffs' second motion for preliminary injunction. With regard to the first factor—likelihood of success on the merits—this Court has already reviewed the record evidence and applicable law and found that plaintiffs have standing and are likely to prevail on their claims challenging each of the Mandates. Furthermore, defendants' motion repeats many of the arguments already ruled upon by this Court, and the Court is not persuaded to reconsider its prior decisions based on the arguments defendants now make in their motion to stay. Defendants do not point the Court to, and the Court is not aware of, any new law to support defendants' claims.

The Court also finds that defendants have not established that: (1) they will suffer irreparable harm absent a stay of the preliminary injunction; (2) plaintiffs will not suffer an irreparable harm if the Court grants a stay; and (3) the public interest favors a stay. Defendants argue that the State's inability to enforce its statutes constitutes an irreparable harm because "the inability to enforce its duly enacted plans clearly inflicts irreparable harm on the State." (Dkt. No.

6

100, at 44 (quoting *Abbott v. Perez*, 138 S. Ct. 2305, 2324 n.17 (2018)).  The Supreme Court noted that such irreparable harm does not occur if "that statute is unconstitutional . . . ."  *Id.* at 2324.  This Court found that plaintiffs are likely to prevail on their claim that the Mandates at issue in this case are unconstitutional either on their face or as applied as challenged by plaintiffs for the reasons stated in the preliminary injunction.  The Court therefore declines to find that the State of Arkansas will be irreparably harmed if it cannot enforce what likely will be proven to be unconstitutional statutes.

Further, the Court previously found that any harm defendants can show is outweighed by the substantial harm that Dr. Hopkins, LRFP, and, where applicable, the large fraction of women for whom the Mandate is relevant would face if defendants were able to enforce the Mandates at issue in this case (Dkt. No. 97, at 150, 186, 215-216, 251-52).  Defendants' arguments in their motion to stay do not persuade the Court to reconsider this decision.  Accordingly, the Court declines to reconsider its finding that plaintiffs and their patients face an imminent and irreparable harm if defendants are able to enforce the statutes at issue.

Similarly, the Court concludes that a stay pending appeal is not in the public interest.  As explained in detail in this Court's order granting plaintiffs' motion for a second preliminary injunction, it is in the public interest to preserve the *status quo* and to give the Court an opportunity to evaluate fully the lawfulness of the Mandates at issue without subjecting Dr. Hopkins, LRFP, their patients, or the public to any of the laws' potential harms if the Mandates were to be enforced pending appeal.  Defendants' arguments do not persuade the Court otherwise.  Accordingly, for all of these reasons, the Court finds that defendants have failed to establish that either the public interest or the balance of equities favor a stay at this time.

Finally, defendants assert that the preliminary injunction will "last indefinitely" and constitutes permanent relief (Dkt. No. 100, at 45). This argument lacks merit. The preliminary injunction lasts only until this Court determines the merits of this case. The preliminary injunction preserves the positions the parties were in before the conflicts created by the likely unconstitutional Mandates arose. The Court's remedy goes "no further than necessary to address the constitutional wrong supported" by the record. *Gerlich v. Leath*, 152 F. Supp. 3d 1152, 1180 (S.D. Iowa 2016) (citations omitted). None of defendants' arguments convince the Court that alternative injunctive relief is more appropriate.

### III. Conclusion

Defendants have failed to meet their burden for a stay of the preliminary injunction pending appeal. The Court also finds that defendants have failed to meet their burden for a temporary administrative stay of the preliminary injunction. To the extent it retains jurisdiction over these matters, the Court denies defendants' motion to stay preliminary injunction pending appeal and for a temporary administrative stay (Dkt. No. 99).

So ordered this 25th day of January, 2021.

_____
Kristine G. Baker
United States District Judge